# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**03 - 20 2 2 1** CR - UNGARO - BENAGES

CASE NO. _____

21 U.S.C. § 963
21 U.S.C. § 952(a)
21 U.S.C. § 846          MAGISTRATE JUDGE
21 U.S.C. § 841(a)(1)          BROWN

**UNITED STATES OF AMERICA**

vs.

**HAROLD FRANCISCO SANCHEZ,**
**BENJAMIN CARTAGENA,**
**and**
**JOSE HENRIQUEZ,**

   **Defendants.**

_____/



## INDICTMENT

The Grand Jury charges that:

## COUNT 1

Beginning on a date unknown to the Grand Jury, but no later than on or about February 26,

2003, and continuing to on or about February 28, 2003, in Miami-Dade County, in the Southern

District of Florida, and elsewhere, the defendants,

**HAROLD FRANCISCO SANCHEZ,**
**BENJAMIN CARTAGENA,**
**and**
**JOSE HENRIQUEZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other, and

with others known and unknown to the Grand Jury, to import into the United States, from a place

outside thereof, a Schedule II controlled substance, that is, five hundred grams or more of a mixture

and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Sections 963 and 960(b)(2).

## COUNT 2

On or about February 26, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HAROLD FRANCISCO SANCHEZ,**
**BENJAMIN CARTAGENA,**
**and**
**JOSE HENRIQUEZ,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 952(a) and 960(b)(2), and Title 18, United States Code, Section 2.

## COUNT 3

Beginning on a date unknown to the Grand Jury, but no later than on or about February 26, 2003, and continuing to on or about February 28, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HAROLD FRANCISCO SANCHEZ,**
**BENJAMIN CARTAGENA,**
**and**
**JOSE HENRIQUEZ,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to possess with intent to distribute a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all

2

in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

## COUNT 4

On or about February 28, 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HAROLD FRANCISCO SANCHEZ,**
**BENJAMIN CARTAGENA,**
**and**
**JOSE HENRIQUEZ,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

JOHN C. SHIPLEY
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA        03 CASE NO 20 2 2 1  CR - UNGARO - BENAGES

v.                                                    **CERTIFICATE OF TRIAL ATTORNEY***
BENJAMIN CARTAGENA,
JOSE HENRIQUEZ, and
HAROLD FRANCISCO SANCHEZ,                             **MAGISTRATE JUDGE**
___Defendants___                    Superseding Case Information: **BROWN**

**Court Division:** (Select One)

|  | | | |
|---|---|---|---|
| _X_ Miami | ___ Key West | | |
| ___ FTL | ___ WPB ___ FTP | | |

New Defendant(s)              Yes _____  No_____
Number of New Defendants        _____
Total number of counts          _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No) _YES_____
     List language and/or dialect _____SPANISH_____

4.   This case will take _3-5_ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                          (Check only one)

| I   | 0 to 5 days      | _X_ | Petty    | ___ |
|-----|------------------|-----|----------|-----|
| II  | 6 to 10 days     | ___ | Minor    | ___ |
| III | 11 to 20 days    | ___ | Misdem.  | ___ |
| IV  | 21 to 60 days    | ___ | Felony   | _X_ |
| V   | 61 days and over | ___ |          |     |

6.   Has this case been previously filed in this District Court?  (Yes or No) _NO__
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?  (Yes or No) _YES_____
If yes:
Magistrate Case No. _____03-2281-BROWN_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____03/01/03_____
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) ____NO_____
7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.   Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

JOHN C. SHIPLEY
ASSISTANT UNITED STATES ATTORNEY
Fl. No. 0069670

*Penalty Sheet(s) attached                                          REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**03-20221**R-UNGARO-BENAGES

PENALTY SHEET

**Defendant's Name**: <u>Benjamin Cartagena</u>

**Case No**:

MAGISTRATE JUDGE
BROWN

Count #: 1

<u>Conspiracy to Import Cocaine</u>

<u>21 U.S.C. §§ 963 and 960(b)(2)</u>

**\*Max.P enalty**:        40  years' imprisonment

Count #: 2

<u>Importation of Cocaine</u>

<u>18 U.S.C. §§ 952(a) and 960(b)(2)</u>

**\*Max. Penalty**:        40 years' imprisonment

Count #: 3

<u>Conspiracy to Possess with Intent to Distribute Cocaine</u>

<u>18 U.S.C. §§ 846 and 841(b)(1)(B)</u>

**\*Max. Penalty**:        40 years' imprisonment

Count #: 4

<u>Possession with Intent to Distribute Cocaine</u>

<u>18 U.S.C. §§ 841(a)(1) and (b)(1)(B)</u>

**\*Max. Penalty**:        40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

03-20221

PENALTY SHEET

CR-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

**Defendant's Name:** <u>Jose Henriquez</u>

**Case No:**

Count #: 1

Conspiracy to Import Cocaine

21 U.S.C. §§ 963 and 960(b)(2)

**\*Max.P enalty:**      40 years' imprisonment

Count #: 2

Importation of Cocaine

18 U.S.C. §§ 952(a) and 960(b)(2)

**\*Max. Penalty:**      40 years' imprisonment

Count #: 3

Conspiracy to Possess with Intent to Distribute Cocaine

18 U.S.C. §§ 846 and 841(b)(1)(B)

**\*Max. Penalty:**      40 years' imprisonment

Count #: 4

Possession with Intent to Distribute Cocaine

18 U.S.C. §§ 841(a)(1) and (b)(1)(B)

**\*Max. Penalty:**      40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**03 - 20221**

PENALTY SHEET

**CR - UNGARO - BENAGES**

**Defendant's Name: Harold Francisco Sanchez**

**Case No:**

**MAGISTRATE JUDGE BROWN**

Count #: 1

Conspiracy to Import Cocaine

21 U.S.C. §§ 963 and 960(b)(2)

**\*Max.P enalty:**        40  years' imprisonment

Count #: 2

Importation of Cocaine

18 U.S.C. §§ 952(a) and 960(b)(2)

**\*Max. Penalty:**        40 years' imprisonment

Count #: 3

Conspiracy to Possess with Intent to Distribute Cocaine

18 U.S.C. §§ 846 and 841(b)(1)(B)

**\*Max. Penalty:**        40 years' imprisonment

Count #: 4

Possession with Intent to Distribute Cocaine

18 U.S.C. §§ 841(a)(1) and (b)(1)(B)

**\*Max. Penalty:**        40 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

FORM DBD-34

JUN. 85

Federal Grand Jury
Indictment Number
0203-mCn-

No. 03 - 20221 CR - UNGARO - BENAGES

UNITED STATES DISTRICT COURT

*Southern District of Florida*
*Miami Division*

THE UNITED STATES OF AMERICA,

*vs*

BENJAMIN CARTAGENA, JOSE HENRIQUEZ,
and HAROLD FRANCISCO SANCHEZ,
Defendants.

## INDICTMENT

In violation of:   21 U.S.C § 963
21 U.S.C. § 952(a)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

*A true bill.*

_____
Foreman

Filed in open court this
_____ day
of _____ A.D. 2003

_____
Clerk

02-03(MIA)

Bail $ _____

## CRIMINAL MINUTES
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA



U.S. MAGISTRATE JUDGE **STEPHEN T. BROWN**          Courtroom VIII

Case No. __03-2281-BROWN__          Date: _March 13, 2003_

Deputy Clerk _Maedon Clark for Stephanie Lee_     Time: 3:30 -

Tape No. 02D- _22-1275_

                                        (J) #69547-004
Title of Case _UNITED STATES vs. HAROLD FRANCISCO SANCHEZ_

U.S. Attorney (s) _Charles Duross for John Shipley_

Defendant Attorney (s) _Stuart Adelstein_

Reason for Hearing: ~~PRETRIAL DETENTION~~ _Bond_ (10 day INS hold)

**prel/arr 3/17/03** (Spanish Interpreter)

Result of Hearing: _Dowt recommends $100K csb +
$100 psb - Hearing held -_

_The Court sets $100,000 csb w/nebbia +
$100,000 psb cosigned by mother & stepfather.
Conditions - surrender travel documents to
PTS; Travel restricted to the SD/FL; Drug
testing/treatment by PTS; Reside with
parents under 24 hour house arrest w/
electronic monitoring @ PTS expense.
Not to leave except on proceedings w/this
case, medical emergencies and non medical
emergencies as cleared by PTS._



FILED BY _____ D.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

2003 MAR -6  PM 3: 56

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIA

CASE NO. 03-2281-BROWN

UNITED STATES OF AMERICA,

            Plaintiff,

v.

JOSE HENRIQUEZ,

            Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## <u>RIGHT TO SILENCE AND COUNSEL</u>

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:**
**CASE NO.:** O3 - 2281 - STB

**UNITED STATES OF AMERICA**
**Plaintiff,**

v.

Jose Henriquez **Defendant,**

FILED by ___ D.C.
MAG. SEC.

MAR 0 7 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 100,000 PSB .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

17

DEFENDANT: *Jose Henriquez*
CASE NUMBER: *03-228 0-STB*
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b.  Report to Pretrial Services as follows: ( X ) *as directed or* _____ *times in person and* _____ *times by telephone;*

✓ c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e.  Participate in mental health assessment and/or treatment;

___ f.  Participate and undergo a sex offense specific evaluation and treatment;

✓ g.  Maintain or actively seek full-time employment; *work w/n 30 days; verifiable/steady*

___ h.  Maintain or begin an educational program;

___ i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

___ m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n.  **HOME CONFINEMENT PROGRAM**  The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or ( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

____  Curfew: You are restricted to your residence every day from _____ to _____, or as directed by the Court.

____  Home Detention: You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other

_____

___ o.  **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education;
( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits;
( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and
( ) other _____

✓ p.  May travel to and from: *S. D. of Fla. — M. D. Fla.*, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q.  Comply with the following additional conditions of bond:
*The defendant must obtain full-time employment within 30 days of release on bond. Travel is restricted between the S.D. del M.D. of Florida.*

DEFENDANT: _Jose Henriquez_
CASE NUMBER: _03-2284-STB_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Jose Henriquez_
CASE NUMBER: _03-228 / CTB_
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _5_ day of _March_, 20 _03_, at _Miami_, Florida.
Signed and acknowledged before me:
WITNESS: _Kim P. Se___
ADDRESS: _FPD 150 W. Flagler St. #1700_
_Miami, Fla._ ZIP _33174_

DEFENDANT:(Signature) X _Jose Henriquez_
ADDRESS: _12139 Waterstone ct._
_#704, Orlando FL._ ZIP _32825_
TELEPHONE: _786-857-1360 and 407-282-9802_

### CORPORATE SURETY

Signed this _____ day of _____, 20 _____, at _____, Florida.
SURETY: _____
ADDRESS: _____
_____ ZIP _____

AGENT:(Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 5 day of _March_, 20 _03_, at _Miami_ Florida.
SURETY:(Signature) _Juan A. Henriquez_
PRINT NAME: _Juan A. Henriquez_
RELATIONSHIP TO
DEFENDANT: _Brother_
ADDRESS: _9367 Dubois Blvd_
_Orlando, Fla._ ZIP _32825_
TELEPHONE: _407-808-4865_

Signed this 5 day of _March_, 20 _03_ at _____, Florida.
SURETY:(Signature) X _____
PRINT NAME: _Darlene Powell_
RELATIONSHIP TO
DEFENDANT: _Wife_
ADDRESS: _12139 Waterstone ct._
_#704, Orlando, Fla._ ZIP _32825_
TELEPHONE: _786-859-1360_

### APPROVAL BY COURT

Date: _Mar. 5, 2003_

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____
CASE NO.: O3 - 2281 - Brown

UNITED STATES OF AMERICA
      Plaintiff,

v.

Jose Henriquez _____/ Defendant,

FILED by ___ D.C.
MAG. SEC.

MAR 0 7 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50,000 10%_____.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court, or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

    4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5. Shall not commit any act in violation of state or federal laws.

DEFENDANT: Joe Henriquez
CASE NUMBER: 03-2281-STB
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b.  Report to Pretrial Services as follows: ( ✓ ) as directed or _____ times in person and _____ times by telephone;

✓ c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e.  Participate in mental health assessment and/or treatment;

___ f.  Participate and undergo a sex offense specific evaluation and treatment;

✓ g.  Maintain or actively seek full-time employment; /w/n 30 days; verifiable/steady

___ h.  Maintain or begin an educational program;

___ i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n.  **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or ( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

    _____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

    _____ **Home Detention:** You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other _____

___ o.  **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____

✓ p.  May travel to and from: S.D. Fla. to M.D. Fla., and must notify Pretrial Services of travel plan before leaving and upon return.

___ q.  Comply with the following additional conditions of bond:
The defendant must obtain full-time employment within 30 days or release on bond. Travel is restricted between the southern and middle districts of Florida.

DEFENDANT: _Jose Henriquez_
CASE NUMBER: _03- 2284 -JTB_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Jose Henriquez
CASE NUMBER: 03-2201-STB
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 5 day of March, 2003, at Miami, Florida.
Signed and acknowledged before me:
WITNESS: _____
ADDRESS: PO 150 W. Flagler St. #1700 Miami, Fla ZIP 33150

DEFENDANT:(Signature)X Jose Henriquez
ADDRESS: 12139 Waterstone Ct.
Apt #704 Orlando FL. ZIP 32825
TELEPHONE: 786-859-1360

### CORPORATE SURETY

Signed this _____ day of _____, 20____, at _____, Florida.
SURETY: _____
ADDRESS: _____
_____ ZIP _____

AGENT:(Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this 5 day of March, 2003, at Miami, Florida.
SURETY:(Signature)X Juan A. Henriquez
PRINT NAME: Juan A. Henriquez
RELATIONSHIP TO DEFENDANT: Brother
ADDRESS: 9762 Dubois Blvd.
Orlando, Fla ZIP 33825
TELEPHONE: 407-808-6865

Signed this 5 day of March, 2003, at Miami, Florida.
SURETY:(Signature)X _____
PRINT NAME: Darlene Powell
RELATIONSHIP TO DEFENDANT: Wife
ADDRESS: 12139 Waterstone Ct.
Apt #704, Orlando Fla. ZIP 33825
TELEPHONE: 786-859-1360

### APPROVAL BY COURT

Date: Mar 5, 2003

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

AO82
(Rev. 4/90)

**ORIGINAL**

220622

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

at _MIAMI_

RECEIVED FROM _Darlene Powell_
_12139 WaterStone Ct #704_
_Orlando, Fl 32825_
_USA vs Jose Henriquez_

| Fund | | ACCOUNT | AMOUNT |
|------|------|---------|--------|
| 6855XX | Deposit Funds | | 5,000.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 5,000.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | _03-2281-MG-Brown_ | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | | |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | | |
| 510100 | Registry Fee | | |

_Appearance_
_Bond To be_
_Invested_

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DATE _03/05_ 2003 19 | Cash | Check ✓ | M.O. | Credit | DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 03-2281-Brown

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE HENRIQUEZ,

Defendant.

_____/



FILED by ____ D.C.
MAG. SEC.

MAR 0 7 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### *NEBBIA* **STIPULATION**

Defendant, Jose Henriquez, by and through undersigned counsel submits the following *Nebbia* Stipulation:

1.    On March 5, 2003, this Court granted the defendant a $50,000 10% bond with a *Nebbia* requirement.

2.    The $5,000.00 to be deposited in the registry of the court in connection with the $50,000 10% bond is being paid by the defendant's wife, Darlene Powell and his brother, Juan A. Henriquez.  The source of the funds are their respective income tax refunds.  Attached to this Stipulation are Affidavits by Darlene Powell and Juan A. Henriquez with copies of the cashier's check, Ms. Powell's Washington Mutual Account Transaction History, Juan Henriquez's Washington Mutual Account Transaction History, and a Washington Mutual Transaction Summary showing the transfer of $1,000 from Juan Henriquez's account to Ms. Powell's account.



3.      Based on the foregoing, the United States and Defendant, Jose Henriquez agree that

Mr. Henriquez has satisfied the *Nebbia* requirement of the bond.


_____          _____
JOHN SHIPLEY, AUSA                                    HENRY P. BELL, AFPD


                    _____
                    STEPHEN A. BROWN
                    UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT

Your affiant, Juan Henriquez, being duly sworn, deposes and states:

1. My name is Juan A. Henriquez.  I am over the age of eighteen years.

2. I am the brother of Jose Henriquez.

3. I have personal knowledge of the facts stated herein.

4. This affidavit is submitted in support the *Nebbia* requirement of the $50,000 10% bond imposed by the court for Jose Henriquez in the case of United States v. Jose Henriquez, case number 03-2281 STB.

5. Attached as exhibit "A" to this affidavit is a copy of an Account Transaction History for my account at the Washington Mutual Bank.   The account number is 8313792942.

6. On February 28, 2003, the United States Government deposited $2246 into my account.  That money represents my federal income tax refund.

7. On March 5, 2003, I deposited into Darlene Powell's Washington Mutual Account $1,000 for her to add with her funds to be deposited with the District Court for purposes of complying with the $50,000 10% imposed by the court.  A copy of the Washington Mutual Transaction Summary of March 5, 2003 is attached at exhibit "B."  The $1000 I provided to Darlene Powell represent a portion my income tax refund.

8. No one has promised to reimburse me in the event that the bond is forfeited.

9. I swear and affirm, under penalty of perjury, that all of the aforementioned is true and correct.


FURTHER, YOUR AFFIANT SAYETH NAUGHT.

Juan Henriquez


Subscribed and sworn to before
me this 5th day of March, 2003.

NOTARY PUBLIC

Lee Lahla
Commission # CC 965457
Expires Sep. 5, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

# Washington Mutual Bank, FA

**ACCOUNT TRANSACTION HISTORY**

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 083100003792942 | HENRIQUEZ | GOLD CHECKING |

| CURRENT BALANCE: | $575.07 |
|---|---|

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 03/05/2003 | -$1,000.00 | | | CUSTOMER WITHDRAWAL |
| 03/05/2003 | -$600.00 | | 781 | |
| 03/04/2003 | -$33.00 | | | VISA-AMOCO      0118ORLANDO       FL |
| 03/04/2003 | -$30.55 | | | 8203 VALENCIA COLLEGE ORLANDO       0304 N |
| 03/03/2003 | -$65.00 | | 780 | |
| 03/03/2003 | -$63.89 | | | VISA-COMPUSA #309      ORLANDO       FL |
| 03/03/2003 | -$319.49 | | | VISA-SEARS ROEBUCK   43WINTER PARK  FL |
| 03/03/2003 | -$22.25 | | | FL TURNPIKE MK 094    LAKE WORTH    0303 S |
| 02/28/2003 | -$22.00 | | | VISA-AMOCO      0118ORLANDO       FL |
| 02/28/2003 | | $2,246.00 | | US TREASURY 220  TAX REFUND XXXXX9227 |
| 02/27/2003 | -$42.50 | | 774 | |
| 02/27/2003 | -$14.74 | | | VISA-PAYCOM.NET      800-893-8871 CA |
| 02/27/2003 | | $220.00 | | CUSTOMER DEPOSIT |
| 02/26/2003 | -$32.42 | | 779 | |
| 02/26/2003 | -$25.00 | | 748 | |
| 02/26/2003 | -$52.41 | | | VISA-OFFICE DEPOT #23  ORLANDO       FL |
| 02/25/2003 | -$123.00 | | | STERLING JEWELER ACCT PMT   306605724502213 |
| 02/25/2003 | -$60.71 | | 778 | |
| 02/25/2003 | -$25.43 | | 776 | |
| 02/25/2003 | -$50.89 | | 775 | |
| 02/24/2003 | -$93.63 | | | VISA-BUDGET RENT-A-CAR ORLANDO       FL |
| 02/24/2003 | -$96.49 | | | VISA-AT&T Wireless Serv800-8887600 FL |
| 02/21/2003 | | $100.00 | | CUSTOMER DEPOSIT |
| 02/20/2003 | | $231.48 | | VISA-THRIFTY CAR RENTALORLANDO       FL |
| 02/19/2003 | -$724.91 | | | MORTGAGE JIT PMT 8664692651 XXXXX1068 |
| 02/19/2003 | -$99.34 | | 773 | |
| 02/19/2003 | | $310.00 | | CUSTOMER DEPOSIT |
| 02/18/2003 | -$300.00 | | | VISA-THRIFTY CAR RENTALORLANDO       FL |
| 02/18/2003 | -$20.00 | | | VISA-AMOCO      0792WINTER PARK  FL |
| 02/18/2003 | | $370.00 | | CUSTOMER DEPOSIT |
| 02/18/2003 | | $965.00 | | CUSTOMER DEPOSIT |
| 02/14/2003 | -$26.00 | | | VISA-AMOCO      0118ORLANDO       FL |
| 02/13/2003 | -$100.00 | | 772 | |
| 02/12/2003 | -$15.24 | | | VISA-FEDEX SHP 02/03/03839-341655058TN |
| 02/12/2003 | -$23.90 | | | VISA-AOL*ONLINE SERVICE800-827-6364 VA |
| 02/11/2003 | -$10.00 | | 768 | |
| 02/11/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 02/11/2003 | -$24.95 | | | VISA-DR *H&R Block E-So952-253-8558 MN |
| 02/11/2003 | | $300.00 | | CUSTOMER DEPOSIT |
| 02/10/2003 | -$45.84 | | 769 | |
| 02/10/2003 | -$208.64 | | 767 | |
| 02/10/2003 | -$25.00 | | | VISA-AMOCO      0705ORLANDO       FL |

**WASHINGTON MUTUAL BANK, FA**
MIAMI TOWER FC #1727
100 SE 2ND STREET
MIAMI, FL 33131

**Exhibit "A"**

# ⨀ Washington Mutual Bank.℠

**ACCOUNT TRANSACTION HISTORY**

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 083100003792942 | HENRIQUEZ | GOLD CHECKING |

**CURRENT BALANCE:**        $575.07

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 02/07/2003 | -$7.00 | | | SERVICE CHARGE |
| 02/07/2003 | -$303.60 | | | VISA-THRIFTY CAR RENTALORLANDO       FL |
| 02/07/2003 | -$300.00 | | | VISA-THRIFTY CAR RENTALORLANDO       FL |
| 02/07/2003 | | $170.00 | | CUSTOMER DEPOSIT |
| 02/04/2003 | -$107.59 | | 771 | |
| 02/04/2003 | -$141.42 | | | VISA-HOOTERS OF UNDERHIORLANDO       FL |
| 02/04/2003 | | $200.00 | | CUSTOMER DEPOSIT |
| 02/03/2003 | -$5.95 | | 3001 | |
| 02/03/2003 | -$600.00 | | 766 | |
| 02/03/2003 | | $500.00 | | CUSTOMER DEPOSIT |
| 01/31/2003 | -$104.70 | | | Florida Power Co Cust Bills 3803775405 |
| 01/31/2003 | -$42.54 | | | VISA-PUBLIC UTILITIES D407-836-5516 FL |
| 01/30/2003 | | $1,000.00 | | CUSTOMER DEPOSIT |
| 01/29/2003 | -$36.57 | | 765 | |
| 01/27/2003 | -$757.16 | | | MORTGAGE JIT PMT 8664692651 XXXXX2519 |
| 01/27/2003 | -$100.00 | | 763 | |
| 01/27/2003 | -$100.00 | | 762 | |
| 01/27/2003 | | $200.00 | | CUSTOMER DEPOSIT |
| 01/24/2003 | | $200.00 | | CUSTOMER DEPOSIT |
| 01/23/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 01/23/2003 | | $1,200.00 | | CUSTOMER DEPOSIT |
| 01/22/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 01/22/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 01/22/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 01/22/2003 | -$32.00 | | | VISA-AMOCO        0118ORLANDO      FL |
| 01/21/2003 | -$21.66 | | 759 | |
| 01/21/2003 | -$161.52 | | | VISA-SUNGLASS HUT #293 MIAMI        FL |
| 01/21/2003 | | $93.08 | | VISA-THRIFTY CAR RENTAL3058715050  FL |
| 01/21/2003 | -$1,000.00 | | 761 | |
| 01/17/2003 | -$27.54 | | 760 | |
| 01/17/2003 | -$228.95 | | | VISA-PALO ALTO SOFTWARE541-683-6162 OR |
| 01/16/2003 | -$54.90 | | | VISA-ZLAND         714-436-2500 CA |
| 01/15/2003 | -$204.68 | | 757 | |
| 01/15/2003 | -$82.42 | | | VISA-AT&T Wireless Serv800-8887600 FL |
| 01/15/2003 | -$105.96 | | | VISA-TIME WARNER COMMUN877-8923279 FL |
| 01/15/2003 | -$38.21 | | | VISA-PUBLIC UTILITIES D4078366701  FL |
| 01/15/2003 | | $8.95 | | VISA-QUESTSAVERS      800-527-1656 TX |
| 01/15/2003 | | $8.25 | | VISA-PLANPLUS        800-527-7557 TX |
| 01/14/2003 | -$75.00 | | 758 | |
| 01/14/2003 | | $1,000.00 | | CUSTOMER DEPOSIT |
| 01/13/2003 | -$250.00 | | | VISA-THRIFTY CAR RENTAL3058715050  FL |
| 01/13/2003 | -$23.90 | | | VISA-AOL*ONLINE SERVICE800-827-6364 VA |

**WASHINGTON MUTUAL BANK, FA**
MIAMI TOWER FC #1727
100 SE 2ND STREET
MIAMI, FL 33131

# Washington Mutual Bank, FA

**ACCOUNT TRANSACTION HISTORY**

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 083100003792942 | HENRIQUEZ | GOLD CHECKING |

**CURRENT BALANCE:**       $575.07

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 01/13/2003 | | $350.00 | | CUSTOMER DEPOSIT |
| 01/08/2003 | -$7.00 | | | *SERVICE CHARGE |
| 01/08/2003 | -$6.00 | | | *ATM WITHDRAWAL FEE - DOMESTIC |
| 01/08/2003 | -$215.18 | | 756 | |
| 01/08/2003 | | $1,300.00 | | *CUSTOMER DEPOSIT |
| 01/07/2003 | -$29.00 | | | *OVERDRAFT CHARGE |
| 01/07/2003 | -$29.00 | | | *OVERDRAFT CHARGE |
| 01/07/2003 | -$29.00 | | | *OVERDRAFT CHARGE |
| 01/07/2003 | -$29.00 | | | *OVERDRAFT CHARGE |
| 01/06/2003 | -$8.95 | | | VISA-QUESTSAVERS      800-527-1656 TX |
| 01/06/2003 | -$8.25 | | | VISA-PLANPLUS      800-527-7557 TX |
| 01/06/2003 | -$301.50 | | | 126 DELANCY STREET   NEW YORK     0104  N |
| 01/06/2003 | -$501.50 | | | 47 GRAHAM AVE       BROOKLYN    0106  N |
| 01/03/2003 | -$412.50 | | | VISA-JETBLUE    H3BTEDDARIEN     CT |
| 01/02/2003 | -$421.86 | | | MORTGAGE JIT PMT 8664692651 XXXXX3615 |
| 01/02/2003 | -$107.50 | | | VISA-SPIRIT AIRLI000015MIRAMAR       FL |
| 01/02/2003 | -$25.00 | | | VISA-SPIRIT AIRLI000015MIRAMAR       FL |
| 01/02/2003 | -$600.00 | | 755 | |

**WASHINGTON MUTUAL BANK, FA**
MIAMi TOWER FC #1727
100 SE 2ND STREET
MIAMI, FL  33131

IRAs made EASY!
Catch a break on your taxes.
And get a jump on retirement.
We can help you get started.
Talk to us.


Transaction Summary


Acct #083100003792942          Seq #491
Withdrawal:                   $1,000.00
Account bal:                    $575.07


Acct #042900002463422          Seq #492
Deposit:                      $1,000.00
Account bal:                  $5,415.20


Washington Mutual Bank, FA
MIAMI TOWER, #1727
1-800-788-7000
FDIC Insured, Equal Housing Lender
Please retain your receipt.
12:57          CD# 113          03/05/2003
Thank you, MISAEL

**Exhibit "B"**

## **AFFIDAVIT**

Your affiant, Darlene Powell, being duly sworn, deposes and states:

1. My name is Darlene Powell. I am over the age of eighteen years.

2. I am married to Jose Henriquez.

3. I have personal knowledge of the facts stated herein.

4. This affidavit is submitted in support the *Nebbia* requirement of the $50,000 10% bond imposed by the court for Jose Henriquez in the case of United States v. Jose Henriquez, case number 03-2281 STB.

5. Attached as exhibit "A" to this affidavit is a copy of cashier's check for $5,000 (Check No. 763301601) drawn on my account at the Washington Mutual Bank. The account number is 4292463422.

6. The funds drawn from the above stated account were originally deposited in my account by the United States Government on February 28, 2003. The funds represent my federal income tax refund. A copy of my Account Transaction History obtained from Washington Mutual on March 5, 2003 is attached as composite exhibit "B." Exhibit B shows the deposit of the U.S. Treasury funds on February 28, 2003.

7. $1000 of the funds drawn on the above stated account represent that money which Juan Henriquez, the defendant's brother, is contributing to the total $5,000 which are to be deposited with the District Court as required by the $50,000 10% bond. He transferred the funds into my account from his own Washington Mutual account on March 5, 2003.

8. No one has promised to reimburse me in the event that the bond is forfeited.

9. I swear and affirm, under penalty of perjury, that all of the aforementioned is true and correct.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
Darlene Powell, wife

Subscribed and sworn to before
me this 5th day of March, 2003

_____
NOTARY PUBLIC

Lee Lahla
Commission # CC 963457
Expires Sep. 5, 2004
Bonded Thru
Atlantic Bonding Co., Inc.





**Exhibit "A"**

# Washington Mutual Bank, FA

**ACCOUNT TRANSACTION HISTORY**

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 042900002463422 | POWELL DARLENE Y | FREE CHECKING |

| CURRENT BALANCE: | $5,415.20 |
|---|---|

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 03/05/2003 | | $1,000.00 | | CUSTOMER DEPOSIT |
| 03/04/2003 | -$40.00 | | | WFN PBP  WFN     PAYBYPHONE 000000879445237 |
| 03/04/2003 | -$17.20 | | | VISA-CHEVRON #00200657 ORLANDO      FL |
| 03/04/2003 | -$22.62 | | | 15395 82ND AVE      MIAMI     0304 P |
| 03/04/2003 | -$6.95 | | | MIAMI LAKES I      HIALEAH    0304 P |
| 03/04/2003 | -$61.58 | | | 15395 82ND AVE      MIAMI     0304 P |
| 03/03/2003 | -$10.00 | | | MIAMI LAKES I      HIALEAH    0303 P |
| 03/03/2003 | -$15.22 | | | 15450 NW 77 COURT      HIALEAH    0302 H |
| 02/28/2003 | -$100.00 | | 257456 | |
| 02/28/2003 | -$25.00 | | | AUTOMATIC SAVINGS PLAN DEBIT |
| 02/28/2003 | | $5,492.00 | | US TREASURY 220  TAX REFUND XXXXX3067 |
| 02/28/2003 | -$500.00 | | | CUSTOMER WITHDRAWAL |
| 02/25/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 02/25/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 02/25/2003 | -$29.00 | | | OVERDRAFT CHARGE |
| 02/24/2003 | -$16.93 | | | VISA-MAGIC CHINA CAFE ORLANDO      FL |
| 02/24/2003 | -$21.25 | | | VISA-CHEVRON #00210763 ORLANDO       FL |
| 02/24/2003 | -$158.94 | | | VISA-WM SUPERCENTER   ORLANDO EASTFL |
| 02/24/2003 | -$200.00 | | | 881N. ALAFAYA TRAIL  ORLANDO     0223 G |
| 02/24/2003 | -$3.03 | | | 12253 LAKE UNDERHILL RORLAN   0222 H |
| 02/21/2003 | -$67.99 | | | VISA-ROADHOUSE GRILL #0WINTER PARK FL |
| 02/20/2003 | -$200.00 | | | 9505 E COLONIAL DR    ORLANDO     0220 G |
| 02/20/2003 | -$21.17 | | | 12500 LAKE UNDERHILL RORLANDO    0220 H |
| 02/19/2003 | -$51.71 | | 314 | |
| 02/19/2003 | -$25.55 | | 312 | |
| 02/19/2003 | -$45.53 | | 308 | |
| 02/19/2003 | -$100.00 | | | 881N. ALAFAYA TRAIL  ORLANDO     0219 G |
| 02/19/2003 | -$200.00 | | | 881N. ALAFAYA TRAIL  ORLANDO     0219 G |
| 02/19/2003 | | $650.00 | | CUSTOMER DEPOSIT |
| 02/18/2003 | -$1,200.00 | | 306 | |
| 02/18/2003 | -$100.00 | | 307 | |
| 02/18/2003 | -$650.00 | | 309 | |
| 02/14/2003 | | $863.00 | | US TREASURY 220  TAX REFUND XXXXX9735 |
| 02/14/2003 | -$120.00 | | | CUSTOMER WITHDRAWAL |
| 02/13/2003 | -$20.22 | | 305 | |
| 02/13/2003 | -$21.27 | | 304 | |
| 02/13/2003 | | $1,080.00 | | CUSTOMER DEPOSIT |
| 02/12/2003 | -$9.11 | | 301 | |
| 02/12/2003 | | $30.74 | | VISA-VICTORIA SECRET  800-888-1500 OH |
| 02/12/2003 | | $62.54 | | VISA-VICTORIA SECRET  800-888-1500 OH |
| 02/12/2003 | | $30.74 | | VISA-VICTORIA SECRET  800-888-1500 OH |
| 02/11/2003 | -$20.77 | | 302 | |

WASHINGTON MUTUAL BANK, FA
MIAMI TOWER FC #1727
100 SE 2ND STREET
MIAMI, FL 33131

**Exhibit "B"**

**Washington Mutual Bank, FA**                           **ACCOUNT TRANSACTION HISTORY**

| ACCOUNT # | ACCOUNT NAME | PRODUCT |
|---|---|---|
| 042900002463422 | POWELL DARLENE Y | FREE CHECKING |

| CURRENT BALANCE: | $5,415.20 |
|---|---|

| DATE | WITHDRAWALS | DEPOSITS | CHECK # | DESCRIPTION |
|---|---|---|---|---|
| 02/10/2003 | -$200.00 | | | CUSTOMER WITHDRAWAL |
| 02/07/2003 | -$400.00 | | | CUSTOMER WITHDRAWAL |
| 02/06/2003 | -$250.00 | | | VISA-THRIFTY CAR RENTALORLANDO     FL |
| 02/06/2003 | | $35.23 | | VISA-THRIFTY CAR RENTALORLANDO     FL |
| 02/05/2003 | | $46.64 | | VISA-VICTORIA SECRET   800-888-1500 OH |
| 02/05/2003 | | $1,375.00 | | CUSTOMER DEPOSIT |

WASHINGTON MUTUAL BANK, FA
MIAMI TOWER FC #1727
100 SE 2ND STREET
MIAMI, FL 33131

3124m (08/02)                          03/05/2003   13:11:59                 Page 2  of  2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-2281-BROWN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSE HENRIQUEZ,

       Defendant.

_____/

## DEFENDANT'S INVOCATION OF
## RIGHT TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant.

Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

BY: _____

Henry P. Bell
Assistant Federal Public Defender
Florida Bar No. 090689
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1555
Tel:  305-530-7000
Fax: 305-536-4559

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served upon the United States Attorney's Office, 99 N. E. 4th Street, Miami, Florida 33132-2111, this ___ day of March, 2003.

_____

Henry P. Bell

K:\BellH\Mag\Henriquez.Invocation.wpd

2

CJA 20 ATTORNEY    AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER | FLS 03 2312 |
|---|---|---|---|---|
| FLS | Sanchez, Harold | | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 1:03-002281-003 | | | |

| 7. IN CASE/MATTER OF  (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Sanchez (BROWN) | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)**   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 846=ND.F -- CONSPIRACY TO DISTRIBUTE NARCOTICS

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, Including any suffix)
AND MAILING ADDRESS
Adelstein, Stuart
2929 SW Third Avenue, Ste 410
Miami FL 33129

Telephone Number:   (305) 358-9222

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)
Adelstein and Matters, PA
2929 SW Third Avenue, Ste. 410
Miami FL 33129

**13. COURT ORDER**
☒ O  Appointing Counsel          ☐ C  Co-Counsel
☐ F  Subs For Federal Defender   ☐ R  Subs for Retained Attorney
☐ P  Subs For Panel Attorney     ☐ Y  Standby Counsel

Prior Attorney's Name:
      Appointment Date:

☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
☐ Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
      03/03/2003                                  3/5/03
Date of Order                            Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of appointment.   ☐ YES   ☒ NO

| CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| **15.** a. Arraignment and/or Plea | | | | | |
| b. Bail and Detention Hearings | | | | | |
| c. Motion Hearings | | | | | |
| d. Trial | | | | | |
| e. Sentencing Hearings | | | | | |
| f. Revocation Hearings | | | | | |
| g. Appeals Court | | | | | |
| h. Other (Specify on additional sheets) | | | | | |
| (Rate per hour = $         )   TOTALS: | | | | | |
| **16.** a. Interviews and Conferences | | | | | |
| b. Obtaining and reviewing records | | | | | |
| c. Legal research and brief writing | | | | | |
| d. Travel time | | | | | |
| e. Investigative and Other work   (Specify on additional sheets) | | | | | |
| (Rate per hour = $         )   TOTALS: | | | | | |
| **17.** Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| **18.** Other Expenses (other than expert, transcripts, etc.) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21.  CASE DISPOSITION |
|---|---|---|---|
| FROM _____ TO _____ | | | |

**22. CLAIM STATUS**   ☐ Final Payment   ☐ Interim Payment Number _____   ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   ☐ YES   ☐ NO   If yes, were you paid?   ☐ YES   ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?   ☐ YES   ☐ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney:                                                        Date:

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | DATE | | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | | DATE | | 34a.  JUDGE CODE |



CJA 20  APPOINTMENT AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

**FLS 03 2313**

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| FLS | Cartagena, Benjamin | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 1:03-002281-001 | | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Cartagena (BROWN) | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)** If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 846=NP.F -- CONSPIRACY TO POSSESS NARCOTICS

| 12. ATTORNEY'S NAME (First Name, M.I., Last name, including any suffix) AND MAILING ADDRESS | 13. COURT ORDER |
|---|---|
| O Donnell, John F. 2648 NE 26 Place Ft. Lauderdale  FL  33306 <br><br>Telephone Number: (954) 563-9993 | ☒ O  Appointing Counsel  ☐ C  Co-Counsel<br>☐ F  Subs For Federal Defender  ☐ R  Subs For Retained Attorney<br>☐ P  Subs For Panel Attorney  ☐ Y  Standby Counsel<br>Prior Attorney's Name:<br>Appointment Date:<br>☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or<br>☐ Other (See Instructions) |

| 14. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | |
|---|---|
| John F. O Donnell 2648 NE 26 Place Ft. Lauderdale  FL  33306 | Signature of Presiding Judicial Officer or By Order of the Court<br>03/03/2003<br>Date of Order  Nunc Pro Tunc Date<br>Repayment or partial repayment ordered from the person represented for this service at time of appointment.  ☐ YES  ☒ NO |

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arrangement and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| In Court | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $          )   TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| | b. Obtaining and reviewing records | | | | | |
| Out of Court | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work  (Specify on additional sheets) | | | | | |
| | (Rate per hour = $          )   TOTALS: | | | | | |
| 17. | Travel Expenses  (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses  (other than expert, transcripts, etc.) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE<br>FROM _____ TO _____ | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

**22. CLAIM STATUS**  ☐ Final Payment  ☐ Interim Payment Number _____  ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?  ☐ YES  ☐ NO   If yes, were you paid?  ☐ YES  ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?  ☐ YES  ☐ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____   Date: _____

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|
| | | | | |

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE / MAG. JUDGE CODE |
|---|---|---|
| | | |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| | | | | |

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|
| | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-2281-BROWN

FILED by _____ D.C.
MAG. SEC.

MAR - 5 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA,

*Stipulated*

v.

**ORDER DENYING GOVERNMENT'S**
**REQUEST FOR PRETRIAL**
**DETENTION AND SETTING A BOND**

BENJAMIN CARTAGENA

_____

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____ The government's motion is **denied**.

_____ The defendant's motion is **granted**; bond is set at:

__✓__ Personal Surety, unsecured, in the amount of
$ 100K

_____ Personal Surety in the amount of  $
with 10% posted with Clerk of Court.

_____ Personal Surety in the amount of  $
secured by the following collateral: _____

_____ Full Cash in the amount of $ _____

__✓__ Corporate Surety in the amount of $ 50K / Nebbia

_____ Full Cash or Corporate Surety in the amount of
$ _____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

__ Surrender all passports & travel documents to Pretrial Services.
__ Report to PTS as follows: ___ weekly in person; ____ weekly by phone; ____as directed
__ Curfew imposed 7 days a week from _____ p.m. to _____ a.m.
__ Maintain present residence.
__ Travel restricted to the Southern District of Florida.
__ Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
__ Maintain or actively seek full-time employment.
__ Maintain or begin an educational program.
__ Avoid all contact with victims of or witnesses to the crimes charged.
__ Stay away from commercial transportation facilities, marinas, bus terminals and airports.
__ Refrain from possessing a firearm, destructive device or other dangerous weapon.
__ Cosigners are not to further encumber property during pendency of case.
__✓ Comply with the following additional special conditions of this bond: ( no hrg held )

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this 5th day of MARCH, 2003.

TAPE NO. 03D-15-300
c:AUSA, Deft, AFPD
Pretrial Services, US Marshal

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-2281-STB

UNITED STATES OF AMERICA,

vs.

Harold  Francisco  Sanchez

_____

FILED by *Ch* D.C.
MAG. SEC.

MAR - 5 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

This cause came before the Court and pursuant to proceedings
held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

Upon request of the parties, and good cause being shown, the
*Detention Hrg* _____ is hereby ~~reset~~ *Continued* to
*Mar. 13, 2003* _____ at *3:30 p.m.*
before the Duty Magistrate Judge STEPHEN T. BROWN
*(non-duty). The Defendant is under 10*
*Day hold.*

**DONE AND ORDERED** at Miami, Florida this _____ *5th* _____ day of
_____ *Mar.* _____, 20*03*.

TAPE NO: 03D-*15-360*

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-2281-BROWN



FILED by _CA_ D.C.
MAG. SEC.

MAR - 5 2003

CLARENCE MADDOX
CLERK U.S DIST. CT.
S.D. OF FLA.  MIAMI

UNITED STATES OF AMERICA,

v.

JOSE M. HENRIQUEZ

**ORDER DENYING GOVERNMENT'S**
**REQUEST FOR PRETRIAL**
**DETENTION AND SETTING A BOND**

_____

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond).  Upon consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____  The government's motion is **denied.**

_____  The defendant's motion is **granted**; bond is set at:

✓  Personal Surety, unsecured, in the amount of _$100K  PSB____

✓  Personal Surety in the amount of  $ 50K (Nebbia_____
with 10% posted with Clerk of Court.

_____  Personal Surety in the amount of  $ _____
secured by the following collateral: _____
_____

_____  Full Cash in the amount of $ _____
_____  Corporate Surety in the amount of $ _____
_____  Full Cash or Corporate Surety in the amount of
$ _____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
✓ REPORT TO PTS AS FOLLOWS: ____ WEEKLY IN PERSON; ____ WEEKLY BY PHONE; ✓ AS DIRECTED
__ CURFEW IMPOSED 7 DAYS A WEEK FROM _____ P.M. TO _____ A.M.
__ MAINTAIN PRESENT RESIDENCE.
✓ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA + M/D FL
__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW.
✓ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT. w/n  3c days / verifiable / Steady
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
__ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.
__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
__ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.
✓ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: PSB  Co-signed by
Darlene  Powell and  brother  Juan  A. Henriquez

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 5th day of MARCH, 2003.

TAPE NO. 03D-15-300
c:AUSA, Deft, AFPD
Pretrial Services, US Marshal

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE



CASE NUMBER  03 – 2281– STB

INTERPRETER REQUIRED IN CASE



FOREIGN LANGUAGE  Spanish

DEFENDANT(S)  HAROLD FRANCISCO SANCHEZ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 03-2281-STB

UNITED STATES OF AMERICA

        Plaintiff,

v.

HAROLD SANCHEZ
**DOB: 12/30/74    (J)69547-004**
        Defendant.

_____/

FILED by AAC D.C.

MAR 0 3 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER ON INITIAL APPEARANCE**

AUSA David Frank

Agent _____

Language  SPANISH

Tape No. 03-D -12 - 650

    The above-named defendant having been arrested on 2-28-03 having appeared before the court for initial appearance on __March 3, 2003__ and proceedings having been held in accordance with **Fed.R.Cr.P.  r. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
    Address:_____
    Zip Code:_____ Telephone: _____
2. CJA - Stuart Adelstein , appointed as permanent counsel of record.
    Address: 2929 S.W. 3rd Avenue, Ste 410, Miami, Fl
    Zip Code: 33129  Telephone: (305) 358-9222
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on
    _____, 2003.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am  3/19 , 2003.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
    because  at Gov't's request
    A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am  3/5 , 2003.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

<u>HAROLD SANCHEZ</u>

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

    This bond was set: At Arrest _____
                    On Warrant _____
                    After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forththerein or those later ordered by the court, the defendant is subject to arrest and revocation of release  and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at <u>Miami, Florida</u> this <u> 3rd </u> day of <u> March</u>, 2003.

                                      _____
                                **STEPHEN T. BROWN**
                                **UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. ___03 - 2281 - STB___

UNITED STATES OF AMERICA

        Plaintiff,

v.

JOSE HENRIQUEZ
**DOB: 1/13/68     (J)69546-004**
        Defendant.

_____/

FILED by ___ D.C.
MAG. SEC.
MAR 0 3 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER ON INITIAL APPEARANCE

AUSA ___David Frank___

Agent _____

Language ___ENGLISH___

Tape No. ___03-D - 12 - 650___

The above-named defendant having been arrested on ___2-28-03___ having appeared before the court for initial appearance on ___March 3, 2003___ and proceedings having been held in accordance with **Fed.R.Cr.P.  r. 5 or 40(a)**, it is thereupon
      **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code:_____ Telephone: _____

2. ___AFD - Henry Bell___ appointed as permanent counsel of record.
   Address:_____
   Zip Code:_____ Telephone: ___(305) 530-7000___

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on
   _____, 2003.

4. Arraignment/Preliminary/Removal/Identity hearing is set for ___10am   3|17___, 2003.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because ___of Gout's request___
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for ___10am   3|5___, 2003.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond,
   pursuant to 18 U.S.C. Section 3142:

   _____
   _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

<u>JOSE HENRIQUEZ</u>

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___ _i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

    This bond was set: At Arrest _____
                      On Warrant _____
                      After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release  and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at <u>Miami, Florida</u> this <u> 3rd </u> day of <u> March</u>, 2003.

                                 _____
                                 **STEPHEN T. BROWN**
                               **UNITED STATES MAGISTRATE JUDGE**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 03 - 2281-STB

UNITED STATES OF AMERICA

        Plaintiff,

v.

BENJAMIN CARTAGENA
**DOB: 10/5/72   (J)69545-004**
        Defendant.
_____/

FILED by _____ D.C.
MAG. SEC.
MAR 0 3 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**ORDER ON INITIAL APPEARANCE**

AUSA David Frank

Agent _____

Language __ENGLISH__

Tape No. 03-D -12-658

    The above-named defendant having been arrested on R-28-03 having appeared before the court for initial appearance on __March 3, 2003__ and proceedings having been held in accordance with **Fed.R.Cr.P. r. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
    Address:_____
    Zip Code:_____ Telephone: _____
2. CJA → John O'Donnell, appointed as permanent counsel of record.
    Address: 2648 N.E. 26th Place, Ft. Lauderdale, Fl
    Zip Code: 33306 Telephone: (954) 563-9993
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 a.m. on _____, 2003.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am 3|19 , 2003.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
    A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am 3|5 , 2003.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

BENJAMIN CARTAGENA

___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___ _i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
               On Warrant _____
               After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

      **DONE AND ORDERED** at <u>Miami, Florida</u> this _3rd_ day of _March_, 2003.

                                     _____
                                       STEPHEN T. BROWN
                                     UNITED STATES MAGISTRATE JUDGE

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# United States District Court

**SOUTHERN** _____ **DISTRICT OF** _____ **FLORIDA**

UNITED STATES OF AMERICA

v.

BENJAMIN CARTAGENA,
JOSE HENRIQUEZ, and
HAROLD SANCHEZ

**CRIMINAL COMPLAINT**

FILED by ___ D.C.
MAR SSC.
MAR 0 3 2003
CLARENCE MAR
CLERK U.S.
S.D. OF FLA.
MIAMI

**CASE NUMBER:** 03-2281-STB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 28, 2003, at Miami-Dade County in the Southern District of Florida, the defendants did knowingly and intentionally combine, conspire, confederate and agree with each other and others to possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent with the United States Customs Service and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

_____
Signature of Complainant
**ROBERT H. MURPHY, USCS**
**March 2, 2003**

Sworn to before me, and subscribed in my presence,

**3/2/03**
Date

at **Miami, Florida**
City and State

**STEPHEN BROWN**
**United States Magistrate Judge**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT

I, Robert H. Murphy, Special Agent, United States Customs Service SAIC, Miami, Florida, being duly sworn, depose and say:

1.      I am a Special Agent of the United States Customs Service ("USCS").  I have fifteen years experience as a Special Agent.  I spent most of this time performing narcotics investigations in Miami, Florida.  I am currently assigned to a group of agents that investigates narcotics smuggling via air cargo shipments at Miami International Airport.  As part of my duties, I respond when USCS inspectors make a seizure of narcotics.  I then perform an investigation to discover the ultimate recipient of the narcotics.  Because this affidavit is written in support of a criminal complaint, it does not contain every fact known to law enforcement about this investigation, but only those necessary to support your affiant's opinion that probable cause exists to believe a crime was committed.

2.      On Wednesday February 26, 2002, I was notified that USCS Inspectors discovered cocaine in a courier shipment from Managua, Nicaragua.  I responded to the IBC courier facility at Miami International Airport.  A USCS inspector explained that he had discovered cocaine concealed in furniture parts in a courier shipment from Nicaragua.  The USCS inspector said that the shipment was unusual because it was not cost effective to ship furniture by courier package. The shipment consisted of chair backs and end table tops.  All such parts had cocaine concealed inside.  The USCS inspector estimated the weight of the

cocaine to be ten pounds. He did not extract the cocaine from the wood. The cargo was consigned to Mario Gonzalez Reyes at a small local courier company called Columbia Couriers. The wood pieces were removed from the box they were packed in. The boxes were filled with scrap wood and garbage and sent to their destination, that is, the IBC warehouse. The wood containing the narcotics was taken into the custody of the USCS.

3.      On February 27, at approximately 8:00 AM, I arrived at the IBC warehouse. The manager said that a truck containing the packages was leaving. I followed the truck to Columbia Couriers and saw the boxes being unloaded at a warehouse used by Columbia Couriers. At approximately 9:30 AM, Douglas Escobar arrived with another individual and loaded the boxes into a van. USCS agents interviewed Escobar. He denied knowing that the furniture contained cocaine and said that the cargo was for a female client named Maria Josefina who had received three shipments in the past. Escobar claimed he had no way to contact Josefina. Escobar said that he expected someone to call him for the package.

4.      On the morning of February 28, Escobar notified USCS agents that he had received a telephone number of an individual who would pick up the shipment. A MDPD officer placed a call to the phone number and told the individual who answered that he was a truck driver for Escobar. The officer, posing as the truck driver, said that the furniture had been damaged in shipment and that white powder had spilled out. He said that he wanted $1,000 to release the shipment.

The individual agreed and a meeting was arranged at the McDonald's restaurant on NW 36th Street in Miami, Florida. The telephone calls were recorded. The cocaine-laden furniture was placed in the truck being used by the MDPD officer. At the McDonald's restaurant, an individual later identified as Benjamin CARTAGENA arrived in a rental car. CARTAGENA gave the undercover officer $1,000 and received the cocaine-laden furniture. The meeting was recorded on videotape.

5.    After being confronted by law enforcement officers, CARTAGENA stated that he knew that the furniture contained cocaine and agreed to cooperate with the government. He said that he was to be paid $2,000 to deliver the cocaine to an individual he knew as Jose, later identified as Jose HENRIQUEZ. CARTAGENA said that HENRIQUEZ had given him $1,000 to give to the driver of the truck, who was in fact the undercover MDPD officer. CARTEGENA called HENRIQUEZ and was instructed by HENRIQUEZ to deliver the cocaine to the apartment of a female friend in Miami Beach. The call was recorded. Agents brought CARTEGENA to Miami Beach to identify the apartment. As the agents and CARTAGENA drove by the apartment, CARTAGENA identified HENRIQUEZ outside the apartment. HENRIQUEZ left the area. A MDPD officer called HENRIQUEZ on his cellular phone and requested that HENRIQUEZ surrender himself.

6.    HENRIQUEZ surrendered himself, agreed to cooperate, and admitted knowing that the wood contained cocaine. HENRIQUEZ said that he was receiving the cocaine for a Nicaraguan he knew as the White Devil, later identified as Harold SANCHEZ. HENRIQUEZ said that he had received $1,000 from SANCHEZ to give to CARTAGENA to give to the truck driver who was, in fact, the undercover MDPD officer.   HENRIQUEZ drove with law enforcement agents to SANCHEZ's home in Little Havana.  Recorded calls were made to SANCHEZ. HENRIQUEZ and SANCHEZ agreed to meet at the Chevron station on the corner of 8th Street and 27the Avenue.   SANCHEZ called HENRIQUEZ at the designated meeting time and changed the meeting location to the Rancho Luna restaurant on 22nd Avenue. HENRIQUEZ drove with law enforcement officers to the restaurant and identified SANCHEZ sitting inside with a another individual, later identified as Carlos Centeno.  MDPD officers entered the restaurant and requested that SANCHEZ and Centeno accompany the officers outside.

7.    SANCHEZ offered to cooperate with the government.   SANCHEZ said that Centeno was supposed to received receive the narcotics.  SANCHEZ said that he had met with Carlos Centeno and Jose HENRIQUEZ at the "Excess" Discotheque in Managua, Nicaragua, and that HENRIQUEZ offered to import drugs into Miami using Escobar's courier service. According to SANCHEZ, Centeno agreed to pay HENRIQUEZ $16,000 to import narcotics in such a manner. SANCHEZ said that he was working for Centeno and that approximately two weeks earlier he had received $4,000 for expenses to receive this shipment of cocaine from

HENRIQUEZ.   SANCHEZ said that he gave $1,000 of this money to HENRIQUEZ to give to CARTAGENA to give to the undercover MDPD officer posing as Escobar's truck driver.

8.      Based on the facts described herein, your affiant has probable cause to believe that Benjamin CARTAGENA, Jose HENRIQUEZ, and Harold SANCHEZ violated Title 21 United States Code, Section 846, by conspiring to possess with intent to distribute a Schedule II controlled substance, that is, cocaine.

Further Affiant saith not.

ROBERT H. MURPHY
Special Agent
United States Customs Service

Sworn to before me this
2d day of March 2003.

STEPHEN BROWN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

# UNITED STATES DISTRICT COURT
### Southern District of Florida

UNITED STATES of AMERICA )        Case Number: CR  03- 2281 - STF
           Plaintiff )

        -VS- )        REPORT COMMENCING CRIMINAL
         )        ACTION

HAROLD FRANSISCO SANCHEZ )   #  69547-004
          Defendant

FILED by _____ D.C.
MAG. SEC.
MAR 03 2003
CLARENCE MADDOX
CLERK U.S. DIST.
S.D. OF FLA.

*************************************************

TO: Clerk's Office    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
    U.S. District Court    FT. PIERCE
               (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

*************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)    Date and Time of Arrest: 2/28/2003        720        am/pm

(2)    Language Spoken: SPANISH

(3)    Offense(s) Charged: 18USC 545    21 USC 952

(4)    U.S. Citizen    [ ] Yes    [X] No    [ ] Unknown

(5)    Date of Birth: 12/30/1974

(6)    Type of Charging Document: (check one)
    [ ] Indictment    [X] Complaint to be filed/ already filed

    Case # _____

    [ ] Bench Warrant for Failure to Appear
    [ ] Probation Violation Warrant
    [ ] Parole Violation Warrant

    Originating District: _____

    COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] Yes    [ ] No

Amount of Bond: $_____

Who set Bond: _____

(7)    Remarks:_____

(8)    Date: _____    (9) Arresting Officer: _____

(10)    Agency: _____    (11) Phone: _____

(12)    Comments: _____



**UNITED STATES DISTRICT COURT**
*Southern District of Florida*

| | |
|---|---|
| UNITED STATES of AMERICA | ) Case Number: CR 03-2281-STB |
| Plaintiff | ) |
| | ) REPORT COMMENCING CRIMINAL |
| -VS- | ) ACTION |
| | ) |
| JOSE M. HENRIQUEZ | ) # 69546-004 |
| Defendant | ) |

FILED by _AG_ D.C.
MAR 03 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

************************************************************

TO: Clerk's Office     (MIAMI)     FT. LAUDERDALE     W. PALM BEACH
    U.S. District Court               FT. PIERCE
                                  (circle one of above)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

************************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)     Date and Time of Arrest: 2/28/2003 _____ am/pm

(2)     Language Spoken: ENGLISH /SPANISH

(3)     Offense(s) Charged: 21-952  d 18-545 / Importation +
        PWID Controlled substance

(4)     U.S. Citizen  [X] Yes     [ ] No     [ ] Unknown

(5)     Date of Birth: 01/13/1968

(6)     Type of Charging Document: (check one)
        [ ] Indictment     [X] Complaint to be filed/ already filed

        Case # _____

        [ ] Bench Warrant for Failure to Appear
        [ ] Probation Violation Warrant
        [ ] Parole Violation Warrant

        Originating District: _____

        COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] Yes  [X] No

Amount of Bond: $ _____

Who set Bond: _____

(7)     Remarks: _____

(8)     Date: _____ (9) Arresting Officer: _____

(10)    Agency: _____ (11) Phone: _____

(12)    Comments: _____



# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES of AMERICA ) Case Number: CR O3-2281-STB
                                      Plaintiff )
                                             )      REPORT COMMENCING CRIMINAL
-VS-                                         )              ACTION
Benjamin Cartegena )          # 69545-004
                  Defendant )

FILED by ___ D.C.
MAG. SEC.
MAR 03 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

TO: Clerk's Office    (MIAMI)    FT. LAUDERDALE         W. PALM BEACH
    U.S. District Court          FT. PIERCE
                                 (circle one of above)
NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)    Date and Time of Arrest: 2/28/03  12:30 pm        am/pm

(2)    Language Spoken: English

(3)    Offense(s) Charged: 21 UJC 841  21 UJC 952
       Importation

(4)    U.S. Citizen    [X] Yes        [ ] No         [ ] Unknown

(5)    Date of Birth: 10/05/72

(6)    Type of Charging Document: (check one)
       [ ] Indictment          [ ] Complaint to be filed/ already filed

       Case # MJ 13 CE 03 MI 0216

       [ ] Bench Warrant for Failure to Appear
       [ ] Probation Violation Warrant
       [ ] Parole Violation Warrant

       Originating District: _____

       COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] Yes      [ ] No

Amount of Bond: $_____

Who set Bond: _____

(7)    Remarks:_____

(8)    Date: _____     (9) Arresting Officer: _____

(10)   Agency: _____     (11) Phone: _____

(12)   Comments: _____

